IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| AARON RAY HIGGINBOTHAM | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08cv52 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Aaron Higginbotham, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Higginbotham was convicted of capital murder in the 188th Judicial District Court of Gregg County, Texas, receiving a sentence of life in prison. He took a direct appeal, in which his conviction was affirmed on October 4, 2005, and sought discretionary review, which was denied. Higginbotham also sought state habeas corpus review, which was denied without written order.

Following this, Higginbotham filed the present petition in federal court, raising six separate issues, including claims that: (1) his right to due process was violated during the state habeas corpus proceedings; (2) the State presented a "false picture of the facts surrounding his conduct" in that there was no evidence presented to show that he had acted with the requisite intent; (3) he was denied effective assistance of counsel at trial; (4) he was denied effective assistance of counsel on appeal; (5) the trial court failed to amend the indictment prior to trial and so he was not informed prior to trial who he had allegedly committed the offense against; and (6) the trial court charged the

1

jury in a way which constructively amended the indictment, in that the spelling of the alleged victim's name was in error.

The Magistrate Judge ordered the Respondent to answer, and received copies of the state court records. Higginbotham filed a response to the answer.

After review of all of the pleadings and documents in the case, the Magistrate Judge issued a Report on August 14, 2008, recommending that the petition be denied. The Magistrate Judge also recommended that Higginbotham be denied a certificate of appealability *sua sponte*. Higginbotham filed objections to the Report on August 27, 2008.

In his objections, Higginbotham raises one issue. He states as follows:

> Petitioner objects to the findings on page 15 in the Report in regards to ineffective assistance of counsel on appeal. The Magistrate Judge's finding is contrary to Supreme Court case law and the record before this honorable Court. See Evitts v. Lucey, 469 U.S. 387 at 396 (1985); Smith v. Robbins, 528 U.S. 259 (2000). Appeals counsel failed to file an Anders brief when no issues could be raised by counsel. Petitioner had a bias [sic] juror issue and evidence issues that could have been raised on appeal, not to mention no sudden passion included in the jury charge. Petitioner could have prevailed on these merits had appeal counsel done so. See Williams v. Taylor 529 U.S. 362 (2000). Petitioner requests an out of time appeal to perfect these issues that should have been presented the first time on appeal.

In his petition, Higginbotham contended that his appellate counsel failed to file a brief on the merits and that the brief which was filed "effectively left him without counsel." He says that the sole issue raised in the brief was the denial of his motion to suppress his oral statements to the police, and the Court of Appeals concluded that the issue had not been properly preserved for appellate review and that it lacked merit in any event.

The Magistrate Judge cited case law saying in order to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. This requires a showing that counsel was objectively unreasonable in failing to find arguable issues to appeal, and a reasonable probability that but for counsel's unreasonable failure, the petitioner would have prevailed on appeal. The Magistrate Judge cited Smith v. Robbins and Williams v. Taylor for these propositions of law.

As the Magistrate Judge concluded, Higginbotham has failed to make the requisite showing necessary to prevail on a claim of ineffective assistance of counsel on appeal. Although he cites three issues which he says that counsel could have raised on appeal, there is no showing of a reasonable probability that these issues contained any merit. His pleadings make no mention of an issue involving a biased juror, and he has not identified the "evidence issues" which he says could have been raised on appeal. Higginbotham's pleadings also make no mention of an assertion that sudden passion could have been included in the jury instructions; in any event, Higginbotham has failed to show that this was an arguable basis for an appeal.

As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge - such as Higginbotham's claim that he received ineffective assistance of appellate counsel because of the failure to raise an issue involving a biased juror and the failure to appeal based on the lack of an instruction on sudden passion - are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Even were these claims properly before the Court, however, they plainly lack merit.

Texas law holds that a trial court should include a sudden passion instruction in the charge if it is raised by the evidence, even if this evidence is weak; however, the evidence cannot be so weak that it could not support a finding by a rational jury. Trevino v. State, 100 S.W.3d 232, 238 (Tex.Crim.App. 2003); McKinney v. State, 179 S.W.3d 565, 569 (Tex.Crim.App. 2005). Higginbotham has pointed to no evidence in the record, nor has this Court's review discerned any, which would have supported an instruction on sudden passion. Such passion would require a showing that Higginbotham killed Hendrix while under the immediate influence of passion arising from provocation by Hendrix, which provocation would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. *See* Tex. Penal Code art. 19.02(a). The facts of this case show that Higginbotham and Michael Kay got a ride from Hendrix from a strip club, went to a secluded location near the Sabine

River, beat Hendrix to death, and threw him in the river. There was no evidence that Higginbotham acted under the influence of immediate provocation, even in his own statements to the police. Hence, appellate counsel could not have been ineffective in failing to raise this on appeal, inasmuch as Higginbotham was not entitled to an instruction on sudden provocation.

Nor has Higginbotham shown any ineffectiveness in his other two claims. The Fifth Circuit has stated that mere conclusory statements do not raise a constitutional issue in a habeas case. Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982). In addition, the Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Higginbotham's claim that counsel should have raised the issue of a biased juror on appeal lacks merit because the record contains nothing about a biased juror, and his claim that counsel should have raised unidentified "evidentiary issues" is too vague and conclusory to support habeas corpus relief. His objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Aaron Higginbotham is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 24th day of September, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**